Dissenting Opinion by
Hannum, J.:
The majority hold that the contract in this case was not champertous because one of the required elements, the undertaking to pay the expenses of the litigation, was not present. The opinion also states that the plaintiff’s witness fee, which was a fixed amount, $50.00 a day, was the usual and reasonable charge for such services in Schuylkill County. Therefore it was not unethical or against public policy.
However, the majority cites cases and textbooks dealing with expert witnesses who have contracted for witness fees which were contingent on the success of the litigation, and by some process of reasoning have stretched these decisions to invalidate the present contract.
A closer examination of the situation will reveal its fallacy. The defendant was under no obligation to call the plaintiff as a witness. Section 702 of the Eminent Domain Code[1] requires the condemnor to present expert testimony before the viewers, but there is no corresponding requirement. as to the condemnee. The contract did not contemplate that the plaintiff must testify. It only obligated him to do so if necessary. His work of appraisal and the preparation of his report were completed prior to any hearing before the viewers and his appraisal fee had been earned, with only the amount to be determined. Had the defendant not been satisfied with his report and had gone before the viewers with some other expert, the plaintiff would still have been entitled to his compensation. The ma *517 jority would have to admit this because they have held that the contract was not ehampertous.
How then can his right to compensation be defeated by the fact that the defendant called him as a witness? That was her choice, not his. His witness fee was not contingent, and neither law nor equity can sanction her avoidance of her contract obligation by her own act. The plaintiff performed his obligations under the agreement and it comes with ill grace on her part to refuse to perform her own.
The real dissatisfaction of the defendant is revealed in her own answer to the complaint. In paragraph 6 thereof she averred: “Defendant . . . offering to pay the plaintiff the reasonable compensation at rates established by other members of the real estate profession in and about Schuylkill County. The plaintiff refused to accept such compensation.” Having realized that she had made a poor bargain, she was attempting to turn a contract obligation into a quantum meruit. Having failed in this, she is now attempting to be relieved of paying anything at all, in spite of the fact that plaintiff performed acceptable services on her behalf.
I decline to accept the reasoning of the majority opinion and would affirm the judgment of the court below.
Weight, P. J., joins in this dissenting opinion.

 Act of June 22, 1964, P. D. 84, 26 PS §1-702.